**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | 3:12-cr-00137-RCJ-WGC |
| vs. ) | |
| DERRICK MCLAURENCE WILLIAMS, ) | **ORDER** |
| Defendant. ) | |

A grand jury indicted Defendant Derrick Williams of possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and possession of a firearm by a fugitive from justice, §§ 922(g)(2) and 924(a)(2). (Indictment, ECF No. 1). Defendant pled guilty to both counts, and the Court sentenced him to 60 months imprisonment, consecutive to any sentence imposed in Case No. 13-9-1337 in the courts of the State of Georgia. Defendant did not appeal.

Defendant has filed a habeas corpus motion under 28 U.S.C. § 2255 invoking *Johnson v. United States*, 135 S. Ct. 2551 (2015). He challenges his sentence calculation imposing a base offense level of 20 based on having had a subsequent felony conviction for a crime of violence or controlled substance offense. *See* U.S.S.G. § 2K2.1(a)(4)(A). Specifically, Defendant argues that his previous convictions under Georgia law of possessing a firearm during the commission of a crime cannot have qualified as a "crime of violence" under the unconstitutionally vague residual clause of § 4B1.2(a)(2), and the remaining question is whether the conviction qualified under the physical force clause of § 4B1.2(a)(1) ("has as an element the use, attempted use, or threatened use of physical force against the person of another") or under the enumerated crimes clause of §

4B1.2(a)(2) ("burglary of a dwelling, arson, or extortion, [or] involves use of explosives").

Defendant filed the motion on June 24, 2016, which is within one year of June 26, 2015, the date on which the Supreme Court announced the rule of *Johnson v. United States*, 135 S. Ct. 2551 (2015) upon which Defendant relies. The Supreme Court has made *Johnson* retroactive on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2255(f), (f)(3). The motion is therefore statutorily timely. The claim is procedurally defaulted, however, because Defendant made no vagueness challenge at or before his sentencing. The failure to preserve an objection is fatal on collateral review regardless of retroactivity, and the perceived futility of making an argument based on contemporaneous case law does not constitute cause excusing such a default. *Lindsey v. United States*, 615 F.3d 998, 1000–01 (8th Cir. 2010) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (2008)), *cert. denied*, 562 U.S. 1301 (2011). Defendant may be able to argue that his "actual innocence" of the sentencing enhancement is cause excusing the procedural default. A defendant can generally only be "actually innocent" of a noncapital sentencing enhancement if he is actually innocent of an underlying offense used to enhance the sentence and cannot invoke the doctrine against a noncapital sentencing enhancement based on pure legal error in applying the enhancement. *Marrero v. Ives*, 682 F.3d 1190, 1193–92 (9th Cir. 2012). Defendant does not claim to be innocent of the prior offense under Georgia law but argues that counting the offense as a crime of violence was unconstitutional under *Johnson*. The *Marrero* panel left open the possibility of pure legal attacks against noncapital sentencing enhancements resulting from constitutional violations as alleged here, *see id.* at 1195, but the Court of Appeals has not yet ruled on the issue.

Even assuming the default is excused, however, Defendant is not entitled to relief. Even assuming the previous convictions for possessing a firearm during the commission of a crime cannot have qualified as crimes of violence, at least one of Defendant's previous offenses qualified as a controlled substance offense. Specifically, Defendant sustained a felony conviction under Georgia Code § 16-13-30 in 2006 or 2007. (*See* PSR 7–8). That statute provides for imprisonment for a term exceeding one year.

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). The PSR specifically noted that the offense qualified as a controlled substance offense under § 4B1.2(b), and Defendant declined to object to this or any other aspect of the PSR when given an opportunity at sentencing.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF Nos. 37, 38) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated January 4, 2017.

_____
ROBERT C. JONES
United States District Judge